IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


JAMES M. RYAN, *et al.*,

      Plaintiffs,


    vs.                                Civil Action 2:14-cv-38
                                        Judge Marbley
                                        Magistrate Judge King


PEDRO ROMO, *et al.*,

      Defendants.


<u>OPINION AND ORDER</u>

This matter is before the Court on plaintiff James M. Ryan's *Motion for Leave to File Amended Complaint Instanter*, Doc. 20, and plaintiff Carolyn C. Ryan's *Motion for Leave to File Amended Complaint*, Doc. 21 (collectively, "*Motions to Amend*").  For the reasons set forth below, the Court **GRANTS** the *Motions to Amend*.

I.    BACKGROUND

On January 13, 2014, *pro se* plaintiffs James M. Ryan and Carolyn C. Ryan ("plaintiffs") instituted this action against Pedro Roma ("Roma"), Wells Fargo Bank, NA, dba Wells Fargo Home Mortgage ("Wells Fargo"), the Secretary of Housing and Urban Development ("HUD"),[1] John and Jane Doe 1-5 ("the individual Doe defendants"), and John Doe Corporation 1-5 ("the corporate Doe defendants").  In their original *Complaint*, plaintiffs assert claims of defamation, breach of contract, civil conspiracy and discrimination by elder abuse against Romo, Wells

---

[1] Service of the *Summons* and *Complaint* upon the Secretary of Housing and Urban Development, Doc. 5, 10, does not appear to comply with Fed.R.Civ.P. 4(i).

Fargo, and the individual and corporate Doe defendants.  *Complaint*, Doc. 1, ¶¶ 30-31.  The original *Complaint* also alleges that Romo and Wells Fargo violated the Fair Debt Collections Practice Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*  *Id.* at ¶¶ 30-31, 35-37.

Plaintiffs allege that Roma and Wells Fargo falsely accused plaintiffs of violating the False Statements Act, 18 U.S.C. § 1001, when plaintiffs filled out an occupancy verification form in connection with reverse mortgages executed by them in favor of Wells Fargo and HUD.  *Id.* at ¶¶ 8-10.  Specifically, plaintiffs alleged that, in November 2013, they filled out a form verifying that the property that secured first and second reverse mortgages was their primary residence.  *Id.* at ¶ 8.  On December 17, 2013, however, Roma and Wells Fargo sent a letter to plaintiffs stating that they had been notified that plaintiffs no longer used the mortgaged property as their primary residence and that, under the terms and conditions of one of the reverse mortgages, the balance on the reverse mortgage loan had become due.  *Id.* at ¶ 10; *Exhibit B* to the *Complaint*.  Plaintiffs further allege that, at all relevant times, the mortgaged property was their primary residence and that any notice to the contrary resulted from intentional misrepresentations by the individual and corporate Doe defendants to Roma and Wells Faro.  *Complaint*, at ¶¶ 11-12.

On February 11, 2014, defendant Roma filed a *Motion to Dismiss the Complaint* pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(6), contesting personal jurisdiction and asserting that the *Complaint* failed to state a claim upon which relief could be granted.  Doc. 7. On February 11, 2014, Wells Fargo also moved to dismiss plaintiffs'

*Complaint* pursuant to Rule 12(b)(6) for failure to state a claim upon which relief could be granted.  Doc. 11.  On May 1, 2014, plaintiffs filed their *Motions to Amend,* each attaching an identical proposed *Amended Complaint*.

Like the original *Complaint*, the proposed *Amended Complaint* asserts claims of defamation, breach of contract, civil conspiracy and discrimination by elder abuse against Romo, Wells Fargo, and the individual and corporate Doe defendants.  *Amended Complaint*, ¶¶ 33-34.[2] The *Amended Complaint* also again alleges that Romo and Wells Fargo violated the FDCPA.  *Id.* at ¶¶ 74-79.  However, the *Amended Complaint* now proposes to assert a claim for fraudulent misrepresentation and tortious interference with contract against Romo, Wells Fargo, and the individual and corporate Doe defendants.  *Id.* at ¶¶ 29-32, 54-73. Additionally, the *Amended Complaint* includes a new claim against HUD for breach of contract.  *Id.* at ¶¶ 33, 35-53, 70.

## II.  LAW AND ANALYSIS

Plaintiffs' *Motions to Amend* are governed by Fed.R.Civ.P. 15(a). That rule provides that "[t]he court should freely give leave [to amend] when justice so requires."  F.R. Civ. P. 15(a)(2).  "[T]he thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Moore v. City of Paducah,* 790 F.2d 557, 559 (6th Cir. 1986) quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982).  The grant or

---

[2] Although the proposed *Amended Complaint* now sets forth a request for declaratory judgment as a separate cause of action, *Amended Complaint,* at ¶¶ 80-82, the original *Complaint* also sought a declaratory judgment and specifically invoked 28 U.S.C. § 2201. *Complaint*, at ¶¶ 8, 10-11.

3

denial of a request to amend a complaint is left to the broad

discretion of the trial court.  *General Elec. Co. v. Sargent & Lundy,*

916 F.2d 1119, 1130 (6th Cir. 1990).  In exercising its discretion, the

trial court may consider such factors as "undue delay, bad faith or

dilatory motive on the part of a movant, repeated failures to cure

deficiencies by amendments previously allowed, undue prejudice to the

opposing party by virtue of allowance of the amendment [and] futility

of the amendment."  *Foman v. Davis,* 371 U.S. 178, 182 (1962).

Roma and Wells Fargo argue that plaintiffs' *Motions to Amend*

should be dismissed because the allegations in the proposed *Amended*

*Complaints* are legally deficient and cannot withstand a motion to

dismiss.  Accordingly, they urge the Court to deny plaintiffs leave to

amend on the basis that amendment would be futile.[3]

Although it is proper for a party to challenge a proposed amended

complaint on the ground that it fails to state a claim upon which

relief can be granted, there is some conceptual difficulty presented

when, as here, the sole basis for a party's opposition to the filing

of an amended pleading is that the pleading is futile.  A Magistrate

Judge cannot ordinarily rule on a motion to dismiss, *see* 28 U.S.C. §

636(b)(1)(A), and denying a motion for leave to amend on grounds that

the proposed new claim is legally insufficient is, at least

indirectly, a ruling on the merits of that claim.  *VanBuren v. Ohio*

*Dep't of Public Safety*, No. 2:11-cv-1118, 2012 WL 5467526, at * 4

(S.D. Ohio Nov. 9, 2012); *Durthaler v. Accounts Receivable Mgmt.,*

*Inc.*, 2:10-cv-1068, 2011 WL 5008552 (S.D. Ohio Nov. 2, 2012). Under

---

[3] Romo also asserts that the *Amended Complaint* fails to allege facts
demonstrating that this Court can exercise personal jurisdiction over him.

the particular circumstances presented in this case, the Court concludes that the sufficiency of the claims sought to be asserted in the *Amended Complaint* is better resolved by the District Judge.

Accordingly, the Court will grant plaintiffs leave to file the *Amended Complaint* with the understanding that defendants are free to move to dismiss it.  *See VanBuren,* 2012 WL 5467526, at * 4 (explaining that it is a sound exercise of discretion to allow amendment under Rule 15(a) and permit a claim to be tested before a District Judge by way of a motion to dismiss).

**III.  CONCLUSION**

Plaintiffs' *Motions to Amend*, Doc. 20, 21, are **GRANTED**.  The Clerk is **DIRECTED** to file plaintiffs' *Amended Complaint*, attached as an *Exhibit* to plaintiffs' *Motions to Amend*.  Defendant Roma's *Motion to Dismiss*, Doc. 7, and Wells Fargo's *Motion to Dismiss*, Doc. 11, are **DENIED AS MOOT** and **WITHOUT PREJUDICE** to the filing of a motion to dismiss challenging the sufficiency of plaintiffs' *Amended Complaint*.

**IT IS SO ORDERED.**

June 30, 2014                          ___s/*Norah McCann King*_____
                                       Norah McCann King
                                       United States Magistrate Judge

5